### DOMBROFSKY v SAVINSKY

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13242. Decided Dec 4, 1933

Halle, Haber & Berick, Cleveland, for plaintiff in error.

Harry Kaplan, Cleveland, and Simon Andur, Cleveland, for defendant in error.

## OPINION

By LIEGHLEY, PJ.

It is urged by plaintiff that the provisions of §11729 GC precluded the defendant from an allowance of the exemptions claimed.

As we view it, a close analysis of the sections of the Code dealing with exemptions disclose no ambiguity. The sections seem to us very clear and each section means just what it says. We refer to §§11721 to 11740 GC both inclusive.

Sec 11721 GC sets forth exemptions allowable to an unmarried person. §11722 GC deals with a beneficiary fund exempted not exceeding $5000 under certain conditions. §11723 GC provides that the regalia, books and so forth of benevolent societies are exempted. §11724 GC makes certain fire apparatus exempt.

Then we come to §11725 GC which deals with the chattel exemptions to heads of families and widows. First, the wearing apparel, beds, cook stove, stove for heating, fuel, and so forth, are exempted, and second, live stock or household furnishings not exceeding $150 in value to be selected by the debtor.

Sec 11726 GC is repealed and §11727 GC deals with the appraisal of the exempted property. §11728 GC provides that these exemptions apply to all courts and that the debtor "shall be entitled to all such exemptions in any case or proceeding before any court or officer."

Sec 11729 GC is the section about the meaning of which counsel disagree. The section begins with the words "The following sections of this subdivision of this chapter shall not extend to * * *."

Counsel for defendant claims that the word "following" relates only to the subsequent sections. Counsel for the plaintiff claims that the limitations contained in this section apply to the following sections as well as the sections preceding, and for that reason the defendant is not entitled to claim exemptions as against a claim for work and labor under One Hundred Dollars.

The subsequent sections deal almost exclusively with the homestead exemption or cash in lieu thereof. It is to be noted that §11738 GC provides for claiming the homestead exemption out of real or personal property in a sum not exceeding Five Hundred Dollars "in addition to the amount of chattel property otherwise by law exempted." It should further be noted that in this last section mentioned this exemption is not allowed to be claimed from money, salary or wages for the very apparent reason that this subject matter is covered by subdivision 6 of §11725 GC.

We are of the decided opinion that the provisions of §11729 GC do not in any degree control the provisions of the sections preceding. The limitations in this section refer only to the provisions of subsequent sections.

From our examination of the authorities the provisions of the exemption laws are construed liberally in this state. Being in derogation of common law, the rule of strict construction would ordinarily be followed. These sections allowing these chattel exemptions particularly have received a liberal construction by reason of the pronounced policy of the State that the home should be protected and the family saved from destitution. These laudable objects are of great concern and interest to the public.

116

So jealous has the State been in the preservation of the home and the integrity of the family that in the event the husband is precluded from claiming these chattel exemptions members of the family may claim them instead under proper· circumstances.

**Dennis v Smith, 125 Oh St 120-5.**
**Morris Plan Bank v Viona, 122 Oh St 28.**
**State ex v Shook, 97 Oh St 164.**
**Kimmel v Paronto, 52 Oh St 468.**

No creditor of whatsoever kind or character, in the face of a claim for these chattel exemptions, can take away the only cook stove, bed, table, chairs, and so forth, primarily essential to preventing the disruption of the family relation, from any family having unencumbered title thereto.

"The exemption allowed to heads (5430 Rev. Stat.) (now §11725 GC) of families may be claimed by every person against whom an action is prosecuted in this state whether a resident of the state or not."
**Sproul v McCoy, 26 Oh St 577.**

For the foregoing reasons it is our opinion and judgment that the court below should have allowed these exemptions claimed as exempt by the defendant, and the judgment is therefore reversed.

LEVINE and McGILL, JJ, concur in the judgment.